H. Dickson Burton (4004)
Stephen E. Pulley (13843)
TRASKBRITT, PC
230 South 500 East, Suite 300
P.O. Box 2550
Salt Lake City, UT  84110
Telephone:  (801) 532-1922

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **STORM PRODUCTS, INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>**BRUNSWICK CORPORATION,** an Arkansas Corporation;<br>**BRUNSWICK BOWLING & BILLIARDS CORPORATION**, a Delaware Corporation; and<br>**MORICH ENTERPRISES, INC.**, a Virginia Corporation,<br><br>    Defendants. | **COMPLAINT<br>FOR DECLARATORY JUDGEMENT<br>OF PATENT INVALIDITY AND<br>NON-INFRINGEMENT**<br><br><br>Case No. 1:14cv00154-DBP<br><br>**JURY DEMANDED** |

Plaintiff, Storm Products, Inc. ("Plaintiff"), by and through its counsel, brings this complaint against Defendants Brunswick Corporation, Brunswick Bowling & Billiards Corporation, and Morich Enterprises, Inc. ("Defendants"), as follows:

## INTRODUCTION

1. This is an action for a declaratory judgment that United States Patent No. 6,027,412 is invalid and unenforceable and not infringed by Storm Products, Inc., either directly or as an inducing or contributory infringer.

## PARTIES

2. Plaintiff, Storm Products, Inc. is a Utah Corporation having an address and principal place of business at 165 South 800 West, Brigham City, Utah, 84302.

3. Defendant Brunswick Corporation is an Arkansas Corporation having an address and principal place of business at One N. Field Ct., Lake Forest, IL 60045-4811.

4. Defendant Brunswick Bowling & Billiards Corporation is a Delaware Corporation having an address and principal place of business at One N. Field Ct., Lake Forest, IL 60045-4811.  Upon information and belief, Defendant Brunswick Bowling & Billiards Corporation is a subsidiary of Brunswick Corporation.

5. Defendant Morich Enterprises, Inc. is a Virginia Corporation having an address and principal place of business at 5 Dryden Dr., Poquoson, VA 23662-1470.

## JURISDICTION AND VENUE

6. Plaintiff incorporates each of the allegations of paragraphs 1 through 5 above, as if fully set forth herein.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8. This Court has personal jurisdiction over Brunswick Corporation and its subsidiary Brunswick Bowling & Billiards Corporation under Utah Code Ann. §78-27-24 by virtue of the fact that Brunswick Corporation and its subsidiary Brunswick Bowling & Billiards Corporation regularly transact business in the State of Utah.

9. This Court has personal jurisdiction over Morich Enterprises, Inc. under Utah Code Ann. §78-27-24 by virtue of the fact that, upon information and belief, Morich Enterprises, Inc. regularly transacts business in the State of Utah. Upon information and belief, Morich Enterprises, Inc., itself and through its licensee(s), has sold bowling balls in the State of Utah.

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400.

## BACKGROUND

11. Plaintiff, Storm Products, Inc. (hereinafter "Storm"), develops, manufactures, markets, and sells bowling balls and bowling accessories.

12. Defendants, Brunswick Corporation (hereinafter "Brunswick") and its subsidiary Brunswick Bowling & Billiards Corporation (hereinafter "Brunswick Bowling"), are direct competitors to Storm, and also develop, manufacture, market, and sell bowling balls and bowling accessories.

13. Upon information and belief, Defendant Morich Enterprises, Inc. owns the rights to U.S. Patent No. 6,027,412 (hereinafter "the '412 Patent").

14. Upon information and belief, Brunswick and/or Brunswick Bowling is/are the exclusive licensee(s) of the '412 Patent.

15. Starting in October 2014, Storm offered a bowling ball for sale under the trademark "Crux" (hereinafter the "Crux Ball").

16. On November 6, 2014, Brunswick sent Storm a letter (hereinafter "the letter") informing Storm of the '412 Patent. A true and correct copy of the '412 Patent is attached hereto as Exhibit A. A true and correct copy of the letter is attached hereto as Exhibit B (the attached omits the enclosed copy of the '412 Patent to avoid duplication).

17. The letter asserted that Brunswick and/or its subsidiary Brunswick Bowling & Billiards Corporation is the exclusive licensee of the '412 Patent. The letter alleged that Storm's Crux Ball is covered by one or more claims of the '412 Patent. The letter also alleged that the manufacture, use, sale, offer for sale, and importation of the Crux Ball infringes the '412 Patent.

18. The '412 Patent, entitled "BOWLING BALL," issued to Pinel et al. on February 22, 2000, and is based upon a patent application filed on August 18, 1998. The '412 Patent is assigned on the face thereof to Morich Enterprises, Inc., of Grafton, Virginia.

19. The letter of November 6, 2014 demanded that Storm cease and desist from further manufacture and sale of bowling balls allegedly covered by the '412 Patent, including the Crux Ball, and pay a royalty to Brunswick on any such bowling balls that have been sold. The letter also noted that Brunswick is willing to consider granting Storm a limited license to sell bowling balls covered by the '412 Patent for a limited time in exchange for a royalty.

20. As a result of the aforementioned letter, Storm has a reasonable fear and apprehension that Brunswick will commence an action for patent infringement against it in the

United States. An actual and justiciable controversy therefore exists between the Storm and Brunswick.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment of Invalidity of**
**United States Patent No. 6,027,412**

21. Plaintiff repeats and realleges and incorporate by reference paragraphs 1 through 20 above, as if fully set forth herein.

22. The '412 Patent fails to meet one of more of the conditions of patentability, or to otherwise satisfy the requirements set forth in Title 35 of the United States Code. In particular, by way of example and not of limitation, the claims of the '412 Patent are invalid for failing to satisfy the requirements of 35 U.S.C. §§ 102, 103, and 112 (all citations herein to 35 U.S.C. are to the version thereof in effect prior to implementation of the Leahy-Smith America Invents Act).

23. By way of non-limiting example and subject to further investigation of the prior art, the claims of the '412 Patent are invalid under 35 U.S.C. §§ 102 and 103 based on the disclosure of one or more of the following prior art references, taken alone or in combination: U.S. Patent No. 4,913,429 to Fabanich; U.S. Patent No. 5,037,096 to Pinal et al.; U.S. Patent No. 5,215,304 to Pinel et al.; U.S. Patent No. 5,389,042 to Pinel et al.; U.S. Patent No. 5,525,118 to Mock; and U.S. Patent No. 5,951,407 to Teitloff.

24. The claims of the '412 Patent are also invalid under 35 U.S.C. § 112, second paragraph, for failing to particularly point out and distinctly claim the subject matter which the

applicant regards as the invention.  By way of non-limiting example, independent claim 1 of the '412 Patent is indefinite because it recites a central vertical axis of a body of a weight block that is "collinear with the X axis of the ball," while, paradoxically, the central vertical axis of the body of the weight block is also "offset from the X axis of the bowling ball."  The specification of the '412 Patent also inconsistently states that the central axis of the body is both collinear with and offset from the X axis of the ball.  *'412 Patent*, col. 2, lines 22-26.  Accordingly, one of ordinary skill in the art considering the '412 Patent cannot determine the scope of the claims of the '412 Patent with any reasonable degree of certainty, and the claims of the '412 Patent are indefinite under 35 U.S.C. § 112, second paragraph, for at least this reason.

25.  The claims of the '412 Patent are invalid under 35 U.S.C. § 112, first paragraph, for failing to satisfy the enablement requirements thereof.  As noted in paragraph 24 above, both the detailed description and the claims recite the central axis of the body is both collinear with and, inconsistently, offset from the X axis of the ball.  Thus, the detailed description fails to enable one of ordinary skill in the art to form a bowling ball including a weight block body that is both collinear with and offset from the X axis of the ball.  Accordingly, the claims of the '412 Patent are invalid under 35 U.S.C. § 112, first paragraph, for at least this reason.

## SECOND CAUSE OF ACTION
### Declaratory Judgment for Non-Infringement of United States Patent No. 6,027,412 by Storm

26.  Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 25 above, as if fully set forth herein.

27. Plaintiff does not infringe and has not infringed any valid claim of the '412 Patent by marketing, using, selling, offering for sale, and/or importing the Crux Ball.

28. Plaintiff has not directly infringed, induced the infringement of, nor has been a contributory infringer of, any valid claim of the '412 Patent.

29. The Crux Ball does not include a weight block with a body having a central vertical axis that is collinear with an X axis of the ball and offset from the X axis of the ball. For at least this reason, the claims of the '412 Patent do not cover the Crux Ball.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on the preceding claims pursuant to Rule 38 of the Federal Rules of Civil Procedure and District of Utah Civil Rule 10-1(a).

**WHEREFORE**, Plaintiff prays that the Court enter judgment that:

A. United States Patent No. 6,027,412 is invalid, unenforceable, and not directly or indirectly infringed by Storm Products, Inc.;

B. Storm Products, Inc. has not committed any act of infringement of United States Patent No. 6,027,412 with respect to its methods of manufacturing, marketing, and selling bowling balls, including but not limited to the Crux Ball, since issuance of such patent;

C. Brunswick Corporation, Brunswick Bowling & Billiards Corporation, and Morich Enterprises, and all of their officers, agents, employees, representatives and counsel, subsidiaries, licensees, and all persons in active concert or participation with any of them, directly or

indirectly, be enjoined from charging infringement or instituting any action for infringement of United States Patent No. 6,027,412;

  D. This is an exceptional case, pursuant to 35 U.S.C. § 285, and that Storm Products, Inc. is entitled to its reasonable attorneys' fees, expenses, and costs in this action; and

  E. Storm Products, Inc. be granted such other and further relief as this Court deems just and proper.

DATED this 24th day of November, 2014.

  /s/ H. Dickson Burton
H. Dickson Burton
Stephen E. Pulley
TRASKBRITT, P.C.
P.O. Box 2550
230 South 500 East
Salt Lake City, Utah 84110

Attorneys for Plaintiff, Storm Products, Inc.

Plaintiff's Address:
165 South 800 West
Brigham City, Utah 84302

Exhibit A:    Copy of U.S. Patent No. 6,027,412

Exhibit B:    Copy of Letter Dated November 6, 2014 (without enclosure)